

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| CITY OF WOLF POINT, MAYOR DEWAYNE JAGER, WOLF POINT POLICE COMMISSIONERS, WOLF POINT CITY COUNCIL, POLICE CHIEF JEFF HARADA, and TROY MELUM,<br><br>Plaintiffs,<br><br>vs.<br><br>JULIANNE MAIL and ALYSSA EAGLE BOY,<br><br>Defendants. | No. CV-10-72-GF-SEH<br><br>**MEMORANDUM AND ORDER** |

## INTRODUCTION

This action, alleging jurisdiction under 28 U.S.C. § 1331, was brought by the City of Wolf Point, Mayor DeWayne Jager, Wolf Point Police Commissioners, Wolf Point City Council, Police Chief Jeff Harada, and Troy Melum (collectively "City") against Julianne Mail ("Mail") and Alyssa Eagle Boy ("Eagle Boy"). It

was filed on the heels of commencement of suit by Mail and Eagle Boy in Fort Peck Tribal Court against the Plaintiffs here, seeking compensatory damages, punitive damages, legal fees, and costs for claims under tribal law arising from an alleged altercation between Mail, Eagle Boy, and Troy Melum, who is characterized as a City of Wolf Point Animal Control Officer.[1] Plaintiffs seek a judgment of dismissal of the pending tribal court case on subject matter jurisdiction grounds.

## BACKGROUND[2]

The Defendants in the tribal court proceedings, and who are the Plaintiffs here, appeared in tribal court and raised the issue of lack of subject matter jurisdiction by motion. Ruling on the motion has yet to be made. No answer has been filed. The case remains pending and unresolved.

Defendants Mail and Eagle Boy were served with summons in this case on December 18, 2010, and January 10, 2011, respectively. Neither appeared. On motion of Plaintiffs, the default of each was entered. The current motion for entry of default judgment of dismissal followed.

---

[1] The Fort Peck Tribal Court case is captioned Mail v. City of Wolf Point, No. 10-7-121 (Ft. Peck Tribal Ct. filed July 21, 2010).

[2] The background summary is compiled from the allegations of the Complaint in this case and records of the tribal court proceedings produced in compliance with the Court's Order. See Order at 2 (Apr. 5, 2011), ECF No. 10.

## DISCUSSION

Questions of tribal court authority over non-Indians are matters of federal law, cognizable under 28 U.S.C. § 1331. Strate v. A-1 Contractors, 520 U.S. 438, 448 (1997); Natl. Farmers Union Ins. Companies v. Crow Tribe of Indians, 471 U.S. 845, 852-53 (1985). However, federal jurisdiction generally is not to be invoked to address such questions until litigants have exhausted available remedies in tribal court. Natl. Farmers Union Ins. Companies, 471 U.S. at 856-57; cf. Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 16-17 (1987). Limited exceptions to the exhaustion principle have been recognized, however. Elliott v. White Mt. Apache Tribal Ct., 566 F.3d 842, 847 (9th Cir. 2009) (discussing exceptions to exhaustion of tribal court remedies).[3]

Plaintiffs rely primarily on Nevada v. Hicks, 533 U.S. 353, 369 (2001) to argue that exhaustion is not required in this case because tribal jurisdiction cannot be exercised over state officers who act in their official capacities and adherence to the exhaustion requirement would serve no purpose other than delay. The record before the Court, however, precludes any such sweeping abandonment of the exhaustion requirement.

---

[3] Possible additional exceptions to the exhaustion of tribal remedies are neither advocated by Plaintiffs nor appropriate to the case at bar. See, e.g., Natl. Farmers Union Ins. Companies, 471 U.S. at 856 n. 21.

Hicks was litigated and decided on what appears to have been fully developed factual records in both the tribal and federal courts. See Hicks, 533 U.S. at 355-57. By contrast, both the record in the Fort Peck Tribal Court case and the record in this case are sorely lacking in factual details that may, or may not, be significant to the question of tribal court jurisdiction.

Although Mail and Eagle Boy are claimed to be enrolled members of the Fort Peck Tribes, their status is yet to be established. Troy Melum's status as an officer of the Wolf Point Police Department is disputed. Compare Complaint at ¶¶ 1, 14, 16 (Nov. 4, 2011), ECF No. 1, with Complaint at ¶ 7, Mail v. City of Wolf Point, No. 10-7-121 (Ft. Peck Tribal Ct. July 21, 2010). Whether the events alleged in the tribal court complaint occurred on Indian land or on non-Indian land likewise is not settled.

In Hicks, claims were asserted against state officials who entered a reservation to search the home of a tribal member who was suspected of committing crimes outside the reservation. Hicks, 533 U.S. at 355. The facts here are distinctly different. The claims in this case are for acts and conduct alleged to have been carried out against Indians within the exterior boundaries of the reservation. Ownership and control of the land on which the operative events occurred has not been established.

The City additionally cites to Mont. v. Gilham, 932 F. Supp. 1215, 1224 (D.

4

Mont. 1996), aff'd, 133 F.3d 1133 (9th Cir. 1998), for the proposition that the State of Montana and its agents cannot be sued in tribal court for alleged torts. Although Gilham addressed suit against the State of Montana, no conclusion was drawn by the District Court as to the propriety of suit in tribal court against agents of the State. See Gilham, 932 F. Supp. at 1224. Moreover, on appeal, the Ninth Circuit specifically "declin[ed] to address whether agents of a State may be sued in tribal court . . . ." Gilham, 133 F.3d at 1140 n. 8. The State of Montana is not a party to the pending tribal court suit. Gilham clearly did not reach or decide the parameters of tribal court jurisdiction as applied to the facts of this case.

As noted above, numerous questions are raised by the pleadings in the tribal court action that may bear directly upon whether that forum has jurisdiction over the matter before it. Those questions cannot appropriately be addressed short of full and final resolution of all issues in that case. A conclusion that the tribal court has jurisdiction remains plausible. See Atwood v. Ft. Peck Tribal Ct. Assiniboine, 513 F.3d 943, 948 (9th Cir. 2008).

Further proceedings in this Court are premature absent exhaustion of tribal court remedies. The case should be dismissed. See Natl. Farmers Union Ins. Companies, 471 U.S. at 857; Atwood, 513 F.3d at 948.

ORDERED:

1. The City's Motion for Default Judgment[4] is DENIED.

2. The case is dismissed without prejudice for failure to exhaust tribal court remedies.

DATED this 24th day of May, 2011.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge

---

[4] Document No. 9